O. L. OLSON, Appellant, v. G. L. HEMSLEY, Respondent.

(187 N. W. 147.)

**Statement of facts.**

    1. Plaintiff brought an action against defendant to recover dam-- ages for the death of his son, alleged to have been caused by the negligence of the defendant. Defendant operated a grocery and soft drink parlor at Walhalla, North Dakota, and in the conduct of the business he employed with others, Plaintiff's sons, Clifford Olson age 16 years, 6 months and 12 days, and another boy Herbert Clements, age 13 years and 3 months. The latter while about to cash a check from one of the money drawers in the store called Clifford Olson to assist him, and while the latter was doing so, the Clements boy took from the drawer a loaded revolver, placed there by the defendant, rested it upon the drawer and it was discharged, the bullet entering the abdomen of Clifford Olson, killing him.

**Statement of cause of action.**

    2. This action is to recover damages against the defendant for his negligence in keeping a loaded devolver where it was kept and where he knew it was accessible to the Clements boy who was known to him to be careless and reckless. A second cause of action is based on failure of defendant to comply with the Workmen's Compensation Fund, chap. 162 of the Session Laws of 1919. The plaintiff was required at the trial to elect on which cause of action he relied and elected to rely on the first.

**Master and servant — negligence of employer keeping revolver accessible to youthful employee held for jury.**

    3. At the close of the plaintiff's case, defendant moved for a directed verdict in his favor, which motion was granted, and for reasons stated in the opinion it is *held* that this was reversible error.

Opinion filed Jan. 5, 1922. Rehearing denied Feb. 17, 1922.

Judgment reversed and case remanded for a new trial.

*J. F. T. O'Connor* and *C. F. Peterson*, for appellant.

If persons chargeable with a duty of care and caution towards them leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should

expect that liberty to be taken. Powers v. Harlow, 53 Mich., 507, 31 Am. Rep. 154; Harriman v. Pittsburgh, C. & St. L. R. Co. 9 West Rep. 438, 45 Ohio St. 11; Lane v. Atlantic Works, 111 Masc. 133.

The law requires of persons having in their custody instruments of danger that they should keep them with the utmost care. Dixon v. Bell, 3 Nanlo & S. 198; Lynch v. Nurdin 1 Q. B. 29, Tally v. Ayres, 3 Snood, 677; Morgan v. Cox, 28 Mo. 373, 62 Am. Dec. 623; Tally v. Ayres, 3 Snood, 677.

*Gray & Myers,* for respondent.

"The common law right of action for damages accruing from an injury received by a workman in the course of his employment is abolished except as in the act otherwise provided." State ex rel. Davis v. Clauses, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; Peet v. Mills, 76 Wash. 437, 136 Pac. 685, L. R. A. 1916A 385, Ann. Cas. 1915D, 154; Replogle v. Seattle (Wash.) 147 Pac. 196; Ross v. Erickson Construction Co. 89 Wash. 634, 15 p. 153, L. R. A. 1916F, 319; Stertz v. Industrial Ins. Co. 91 Wash., 588, 158 p. 256, Ann. Cas. 1918B, 354; Zenor v. Spokane, etc. (Wash.) 186 Pac. 848.

GRACE, C. J. This is an appeal from a judgment in favor of defendant. A concise statement of the material facts will give a clearer understanding of the issues.

The defendant, when Clifford Olson was injured in the manner hereinafter stated, and of which injuries he died, was operating a grocery store and soft drink establishment at Walhalla, N. D. Among others, he employed at such place of business one Herbert Clements, age 13 years and 3 months, and Clifford Olson, age 16 years 6 months and 12 days, who discharged the usual duties incident to their employment in the store. They were in charge of the store when defendant was not present. In the store there were three money drawers, where they were authorized to get change. In one of the drawers for about 15 years defendant had kept a 32-caliber revolver, which, for a year or more prior to the time of the injury resulting in death, was loaded.

On the 10th day of August, 1920, and while the defendant was temporarily absent from the store, Herbert Clements went to the money drawer in which the loaded gun lay, and opened that drawer for the purpose of cashing a check. After he had opened the drawer he called

Clifford Olson to cash the check. This was the first time that young Clements had opened the drawer, though he was authorized to use it. While Olson was engaged in cashing the check from the money in this drawer, the Clements boy took the loaded revolver out of the cash drawer, rested it on the edge of the drawer, and it went off, the bullet entered the abdomen of Clifford Olson, who was standing nearby; he died a few minutes later as a result of the injury.

Defendant knew the gun was in the drawer, and had warned Clifford Olson about it, but not Herbert Clements, and knew that the Clements boy was somewhat careless and reckless. The Olson boy was in good health, was in the second year high school at Walhalla, and during vacation was earning $40 per month, which was contributed to the support of his parents and the family. The plaintiff is the father of Clifford Olson, and besides Clifford there were two other children, whose ages were 11 and 3 years respectively.

Plaintiff's first cause of action is based upon the alleged negligence of the defendant in carelessly and negligently permitting a loaded revolver to remain in one of the cash drawers in his store where he employed two young boys within whose reach in one of the cash drawers was the loaded revolver, and, further, that the defendant was negligent in employing a reckless and careless servant, the Clements boy.

For his second cause of action plaintiff alleges a failure of defendant at any time prior to the 10th day of August, 1919, to apply to the Workmen's Compensation Bureau of the state of Norh Dakota for classification as an employer, and his failure to comply with the provisions of law in that respect, which is chap. 162 of the Session Laws of 1919, and further sets out his failure to pay a premium as a member of the Compensation Fund to be applied in compensation of injured workmen while engaged in hazardous employment, and further avers that Clifford Olson was killed while engaged in the performance of his duty, and while within the course of business of his employer.

There is one assignment of error only that requires any consideration. It is that the court erred in granting defendant's motion, made at the close of appellant's case, that the jury be directed to return a verdict in defendant's favor for a dismissal of the action. Plaintiff bases his right to maintain the action on § 8323, C. L., as amended by chap. 106 of the Session Laws of 1917, which gives him that right where there is a cause of action under § 8321. But one of the principal questions

in the case is whether the right of action under 8321 is abolished by the enactment of the Workmen's Compensation Act.

That the plaintiff is the father of Clifford Olson is not controverted, and neither are the facts relative to the injury which caused the death of Clifford Olson. Taking all evidence into consideration, and assuming it to be true, and assuming for the present that plaintiff had a right of action under chap. 39, and under §§ 9 and 11 of the Compensation Act, can it be said that the trial court did not err in holding that the defendant, as a matter of law, was not negligent where the proof shows that he permitted a loaded revolver to remain in a cash drawer in his store, which was in charge of Clifford Olson and young Clements during his absence, and where the defendant knew the revolver was loaded, and that it had been loaded for a year or two prior to the fatal shot and injury, and further, where he knew that young Clements was somewhat careless and negligent, and where he knew, or must be held to have known, that a firearm, a revolver, when loaded, is a dangerous instrumentality to leave in any location where it would be accessible to boys of as tender years as these. He knew, or should have known, that their curiosity would have been aroused, and that to boys of their ages a gun or firearm of any kind is usually very attractive—they have an almost uncontrollable desire to handle, examine, and experiment with the same—and we think the testimony is sufficient to show that the defendant knew these things, and that he told Clifford Olson about the gun, and warned him, but did not tell young Clements about the gun, or give him any warning.

We are of the opinion that the court could not say, as a matter of law, in the circumstances in this case, that defendant's acts did not constitute actionable negligence where injury resulted to one by the discharge of the revolver while in the hands of one of the youths, and, further, where it appears the defendant reasonably should have apprehended the consequences which ensued. As was said in the case of Sullivan v. Creed, 2 British Ruling Cases, 163:

"All third party cases are difficult, because, in tracing the chain of cause and effect, circumstances often make it almost impossible to distinguish between a flaw and a break, or to say whether the intervention of the third party has not so far predominated in bringing about the injury as to make it right to say that the act of an original party was not an effective cause of the ultimate result."

Likewise, in the case at bar, the shot fired which injured and killed

Clifford Olson was not fired by the defendant, but by young Clements, a third party; but he could not have fired the fatal shot if the plaintiff had not carelessly and negligently permitted the loaded revolver to be where it was, and where young Clements, who was known to defendant to be careless and reckless, had access to it. The carelessness and negligence of the defendant in this respect was in reality the proximate cause of the injury.

The facts above stated are wholly undisputed, and it seems that the defendant should have apprehended that it was dangerous to the public to keep a loaded revolver where this was, knowing that it was a dangerous instrumentality, which, even in the hands of one experienced in its use, must be handled with great care in order to have due regard to the safety of others, and knowing further that instinctively the ordinary youth is attracted to it.

We are of the opinion that there is sufficient evidence of defendant's negligence in the respect hereinbefore stated as to require that question to be submitted to a jury, and that it was for it to determine under all the evidence whether the defendant was negligent, or if he should have apprehended the consequences which did result by his having placed the loaded revolver where he did place it, which, in fact, was in a place where the two youths would be expected at times to resort in the discharge of their duties—that is, in the cash drawer.

At the commencement of the trial defendant objected to the introduction of any evidence on the ground that sufficient facts were not stated in the complaint to constitute a cause of action, for the reason that § 11 of chap. 162 of the Session Laws of 1919 is exclusive, and that it conferred no right on the father, but only on the personal representatives of the deceased, to bring an action. The court overruled the objection, and permitted the trial to proceed, but required plaintiff to elect on which cause of action he based his right to recover. Plaintiff elected to proceed under the first cause of action.

The trial court, at the conclusion of plaintiff's case, found, as a matter of law, that there was insufficient evidence to establish negligence on the part of the defendant, and directed a verdict in his favor. This, we think, was reversible error.

Section 11, in so far as necessary to be here set out at length, provides:

"Employers subject to this act, who shall fail to comply with the provisions of § 6 and § 7 hereof, shall not be entitled to the bene-

fits of this act during the period of such noncompliance, but shall be liable to their employees for damages suffered by reason of injuries sustained in the course of employment, and also to the personal representatives of such employees where death results from such injuries."

The defendant did fail to comply with §§ 6 and 7, and hence was not entitled to the benefits of the act during the period of noncompliance. He thus became liable in an action at law for damages occasioned by his negligence, if any, and that action would be such as is provided by § 8321, C. L. 1913.

If it be so conceded, as we think it must, that such right of action against the employer in the conditions mentioned in § 11 still remains, we think the action may be brought in the manner provided by § 8323, C. L., as amended by chap. 106 of the Session Laws of 1917. In other words, the right of action being preserved, so are the remedies to enforce it: hence we think the father was the proper party to maintain the action.

We are of the opinion that plaintiff's first cause of action is a proper one, that he has legal right to maintain it, and that the question of defendant's negligence, under the evidence, is a question of fact for the jury.

The judgment from which appeal was taken is reversed, and the case is remanded for a new trial. Appellant is entitled to his costs and disbursements on appeal.

BIRDZELL, J., concurs.

BRONSON, J. (concurring specially). Section 1, chap. 162 Laws 1919 (Workmen's Compensation Fund), provides as follows:

"The state of North Dakota, exercising herein its police and sovereign powers, hereby declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, therefore, for workmen injured in hazardous employments, and their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

Section 11 provides as follows:

"Employers subject to this act, who shall fail to comply with the provisions of §§ 6 and 7 hereof, shall not be entitled to the benefits of this act during the period of such noncompliance but shall be liable to their employees for damages suffered by reason of injuries sustained in the course of employment, and also to the personal representatives of such employees where death results from such injuries, and in such action the defendant shall not avail himself or itself of the following common-law defenses:

"The defense of the fellow-servant rule, the defense of the assumption of risk or the defense of contributory negligence."

Section 20 provides as follows:

"When an injury or death for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the North Dakota workmen's compensation fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, may, at his or their option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages."

It is the contention of the defendant that the Compensation Act abrogates all remedies and causes of action theretofore existing by statute for death by unlawful act, and permits only the remedies and causes of action stated in such act; that § 11 of this act denominates only the personal representative as the proper party to maintain an action for death of the employee, against the employer. It may be conceded that the personal representative is a proper party to maintain such action. However, pursuant to the terms of the statute, is the maintenance of an action by one of the dependents excluded? I am of the opinion, pursuant to § 20 thereof, that the maintenance of an action by a dependent of the employee is not excluded, but, on the contrary, is specifically permitted. In this case the father is a dependent, and, pursuant to the evidence introduced, was, in fact, a dependent of his deceased son.

From the record it appears that the defendant, a storekeeper, had in his employ the deceased son, 16 years of age, and another boy, 13 years of age. These boys at times were left in charge of the store. The loaded revolver was left, or permitted to be left, by the employer in a cash drawer to which the boys were directed to resort when necessary in trading operations. There it had not been casually placed; there it had

been for years. Assuredly the inference of fact might be drawn that it was there for purposes of the employer's business. The employer had warned the deceased son about this revolver. He gave no warning to the other boy. On the day when plaintiff's son was killed, then, for the first time, the other boy knew of the presence of this revolver in such cash drawer. It appears in the evidence that the employer knew and stated that this other boy was a little careless and reckless. In view of the relation of master and servant existing between the storekeeper and the boys, and the duties thereby imposed upon such master, may it be said, as a matter of law, upon this record that the master was free from negligence in the performance of his duties? I am of the opinion that it was for the jury to find, as a matter of fact, whether the master, in the performance of his legal duties, exercised reasonable care, in view of the circumstances and the youth of the boys, in permitting such revolver to be left in such cash drawer, accessible to such boys, without warning or instruction to each of the boys, knowing the careless and reckless characteristics of the younger boy. See 40 Cyc. 873; Ewing v. Lanark Fuel Co., 65 W. Va. 726, 65 S. E. 200, 29 L. R. A. (N. S.) 487; Southern Pacific Co. v. Hetzer, 135 Fed. 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288; 18 R. C. L. 565—572. The judgment should be reversed, and a new trial granted.

CHRISTIANSON, J. (concurring specially). As indicated in the opinions prepared by the Chief Justice and Mr. Justice Bronson, one of the two controlling questions presented on this appeal is whether the Workmen's Compensation Act bars the plaintiff from maintaining an action for the death of his son. Both opinions make reference to § 11 of the Workmen's Compensation Act. That section reads as follows:

"Employers subject to this act, who shall fail to comply with the provisions of §§ 6 and 7 hereof, shall not be entitled to the benefits of this act during the period of such noncompliance, but shall be liable to their employees for damages suffered by reason of injuries sustained in the course of employment, and also to the personal representatives of such employees where death results from such injuries, and in such action the defendant shall not avail himself or itself of the following common-law defenses:

"The defense of the fellow-servant rule, the defense of the assumption of risk or the defense of contributory negligence.

"And such employers shall also be subject to the provisions of §
8.

"*Any employee whose employer has failed to comply with the pro-
visions of §§ 6 and 7 hereof, who has been injured in the course of
his employment, wheresoever such injury has occurred, or his depend-
ents in case death has ensued, may, in lieu of proceedings against his
employers by civil action in the court,* file his application with the Work-
men's Compensation Bureau for compensation in accordance with the
terms of this act, and the Bureau shall hear and determine such applica-
tion for compensation in like manner as in other claims before the Bu-
reau; and the amount of the compensation which said Bureau may as-
certain and determine to be due to such injured employee, or to his
dependents in case death has ensued, shall be paid by such employer to
the person entitled thereto within ten days after receiving notice of the
amount thereof as fixed and determined by the Bureau; and in the
event of the failure, neglect or refusal of the employer to pay such com-
pensation to the person entitled thereto, within said period of ten days,
the same shall constitute a liquidated claim for damages against such
employer in the amount so ascertained and fixed by the Bureau, which
with an added penalty of fifty per cent., may be recovered in an action
in the name of the state for the benefit of the person or persons en-
titled to the same."

Laws 1919, chap. 162, § 11.

The contention of the defendant is that, by virtue of § 1 cf the
Compensation Act, all rights of action formerly existing were abolished;
that such rights of action, and such only, now exist as are prescribed
by that act; that, by virtue of § 11 of the act, the personal representative
alone may maintain an action in case the injury results in death. It
seems to me that the last contention ignores the portion of § 11 which
I have italicized. That portion clearly recognizes that the dependents
may maintain an action in case of death. See 25 R. C. L. p. 979. The
complaint in this case alleges, and the proof shows, that the father was
a dependent of his deceased son within the purview of the Workmen's
Compensation Act. In other words, the complaint alleges, and the
proof shows, that the action is brought by one whom the Compensation
Act expressly recognizes as having the right to maintain such action.

I also agree with my Associates that, under the evidence in this case,
it is a question for the jury whether the death of Clifford Olson was

caused by the negligence of the defendant.

ROBINSON, J. (dissenting). In this case there is no occasion for passing the "buck" to the jury. The facts are not in dispute. Defendant kept a loaded revolver in a desk where he had a perfect right to keep it. One of two employees wrongfully took the revolver, and by accident shot the other, a son of the plaintiff. It was purely an accident.

## On Petition for Rehearing.

BRONSON, J. The defendant has filed an able petition for rehearing. Among other things he earnestly contends that the writer, in his specially concurring opinion, has misconstrued the meaning and application of § 20, quoted in such opinion. He contends that § 20 confers a right of action upon dependents only in case of·an injury or death for which compensation is payable under the act, not in cases where compensation is provided in the act; that compensation is payable under the act only in cases where the employer has contributed his assessment to the Compensation Fund; that, under § 10 of the act, it can only be disbursed to such employees of employers as have paid into the fund the premiums applicable; that this section, therefore, refers to that class of cases where the employer has paid his assessment, and, by reason thereof, compensation has become payable to the employee or his dependents, and, where an injury having occurred through the wilful act or negligence of some other person, a right of action for damages is given against such other person. The contentions are not without merit, and require, by their able presentation, consideration. However, technical reasoning should not override the intent and purview of the act to allow a remedy for a wrongful act. If the defendant had complied with the terms of the Compensation Act, manifestly compensation would have been payable under the act to the dependents of the deceased boy. Section 6 of the act requires every employer to contribute to the fund. It relieves such employer, so contributing, from all liability for personal injuries or death sustained by his employees, and the persons entitled to compensation under the act shall have recourse therefor only to the North Dakota Compensation Fund, and not to the employer. Section 9 of the act likewise relieves employers who comply with the provisions of said § 6 from

liability to respond in damages at common law or by statute for injury or death of any employee, wherever occurred, with the exception that it does not apply to minors employed in violation of law, in which case both remedies shall be applicable. These sections are followed by § 20, quoted in the special concurring opinion. This § 20 provides that, when death for which compensation is payable under the act shall have been sustained under circumstances creating in some other person than the Compensation Fund a legal liability to pay damages in respect thereto, his dependents may, at their option, either claim compensation under the act or obtain damages from, or proceed at law against, such other person to recover damages. It is clear that under the act the defendant is that other person against whom there exists a legal liability to pay damages; that legal liability is provided under the terms of §§ 6, 9, and 11. The only reason why compensation under the act is not payable, if not payable in fact, is because the defendant failed to comply with the terms of the act. In law, compensation is payable under the act because it was a duty of the defendant to comply with the terms thereof. It is unnecessary to determine the liability of the Compensation Fund because it is not involved in the instant case. I therefore adhere to the conclusion that the maintenance of an action by the dependent of the employee is not excluded by the act.

Petition for rehearing should be denied.